**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY BATTLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 10873 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

After Defendant City of Chicago (the "City") terminated Plaintiff Jeffrey Battles from his

employment on October 26, 2023, he filed this lawsuit. In his second amended complaint, he

brings claims for race discrimination, harassment, and retaliation in violation of Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* The City has filed a partial

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of

Battles' harassment and retaliation claims. Because Battles has not sufficiently alleged that he

engaged in protected activity for his retaliation claim and he did not exhaust his harassment

claim, the Court grants the City's motion to dismiss and dismisses these claims without

prejudice.

## BACKGROUND[1]

Battles, an African American male, worked as a supervising booter for the City from

November 26, 2022 through October 26, 2023. Battles received undesirable shifts even when he

---

[1] The Court takes the facts in the background section from Battles' second amended complaint and presumes them to be true for the purpose of resolving the City's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). Although the Court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), the Court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss, *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

did not come to work late.  Beginning in June 2023, Battles heard his supervisors and others direct numerous racial slurs and other derogatory statements toward African Americans while on the job.  Battles specifically states that he heard someone comment that "the black guys are always coming to work late."  Doc. 18 ¶ 34.  When Battles complained about the remarks and slurs, he also received worse shifts.  On October 20, 2023, after someone directed a racial slur toward one of Battles' African American co-workers, he filed a grievance.  Although his second amended complaint alleges that the grievance "report[ed] the incident and the racial hostility and dispirate [sic] treatment that had occurred based on race," *id.* ¶ 15, the grievance actually states as follows:

> The Union is filing this grievance on behalf of Jeffery Battles per Article (s) 1, 3, 4, 8, 11, and any other article or rule of law applicable to the Collective Bargaining Agreement between the City of Chicago and Teamsters Local 700.  On or about October 16, 2023, the employer denied the grievant's request to continue working on his previously selected shift (8 p.m.–4:30 a.m.), and he was transferred to the afternoon shift (1 p.m.–8 p.m.), despite the fact that a more senior employee had volunteered for that shift. The grievant, on the other hand, believes his request is being denied because management is retaliating against him for expressing different issues.  The decision by management has places unnecessary strain on the grievant, who is the principal caregiver for his father, who recently underwent open heart surgery.  Furthermore, the grievant believes he is being transferred to a different shift as a result of retaliation by management for raising various concerns about issues with his direct supervisor. This action is a violation of Sections 8.9 Vacancy Procedure and 8.10 Balancing the Workforce, which require the employer to fill vacancies with volunteers first by seniority order.

Doc. 21-2 at 1.

On October 26, 2023, the City terminated Battles for performance reasons.  The City did not provide any further explanation for the termination.  Battles had just received a performance evaluation earlier that month that did not include any negative feedback, however.

Battles filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") on July 10, 2024.  In the charge, he stated as follows:

> I began my employment with [the City] on or around November
> 26, 2022.  My most recent position was Supervising Booter.  I
> made a discrimination complaint to [the City] on or around
> October 20, 2023.  Subsequently, my assignment was changed.  I
> was discharged on or around October 26, 2023.
>
> I believe that I have been discriminated against because of my
> race, Black, and in retaliation for engaging in protected activity, in
> violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 21-2 at 1.[2]  Battles received a right to sue letter and filed this suit thereafter.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not

its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.

1990).  In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in

the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's

favor.  *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).  To survive a Rule

12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to

the defendant of the claim's basis.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th

Cir. 2014).  A claim is facially plausible "when the plaintiff pleads factual content that allows the

---

[2] Battles argues that he did not attach the EEOC charge to his second amended complaint and so the Court
should not consider it at the motion to dismiss stage.  But he refers to it in his second amended complaint
and states that the "EEOC Charges and Right-to-Sue Letter [are] attached hereto as part of Plaintiff's
originally filed Complaint as Exhibit A."  Doc. 18 ¶ 7.  The City then included the EEOC charge with its
motion to dismiss.  The Court takes this charge into account because Battles refers to the EEOC charge in
his second amended complaint and the Court must consider the allegations in the charge to determine the
proper scope of Battles' claims.  *See Davis v. Cent. Can Co.*, No. 05 C 1563, 2006 WL 2255895, at *4
(N.D. Ill. Aug. 4, 2006) (collecting cases).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Iqbal*, 556 U.S. at 678.

**ANALYSIS**

**I.      Retaliation Claim (Count I)**

The City first argues that the Court should dismiss Battles' Title VII retaliation claim because he did not engage in statutorily protected activity and, alternatively, that the Illinois Public Labor Relations Act preempts any such claim.[3]  To state a Title VII retaliation claim, a plaintiff must allege that he "engaged in statutorily protected activity and was subjected to an adverse employment action as a result."  *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013)).

Battles alleges that he filed a grievance reporting the use of a racial slur as well as more generally complaining about racial hostility and disparate treatment on October 20, 2023. Defendants have attached this grievance to their motion to dismiss, pointing out that it nowhere mentions racial hostility or discrimination.  "Union grievances can be statutorily protected activity in retaliation cases, subject to [the] regular requirements for protected activity."  *McHale v. McDonough*, 41 F.4th 866, 872 (7th Cir. 2022).  Those regular requirements include that the complaint "indicate the discrimination occurred because of sex, race, national origin, or some other protected class."  *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient."  *Id.*  Here, Battles' October 20, 2023 grievance details violations of various

---

[3] In its reply brief, the City also argues that Battles did not suffer an adverse action.  But because the City only raised this argument in its reply brief, meaning Battles did not have an opportunity to respond, the Court does not consider it here.  *See Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived.").

provisions of the collective bargaining agreement involving shift assignments, noting how the change in Battles' shift assignment had placed unnecessary stress on Battles, who served as the primary caregiver for his father. While it generally also referred to retaliation for "raising various concerns about issues with his direct supervisor" and "expressing different issues," Doc. 21-2 at 1, it did not suggest in any way that these concerns were race-related. As a result, his October 20, 2023 grievance cannot serve as protected activity for a Title VII retaliation claim. *See McHale*, 41 F.4th at 872 (union grievance and EEOC complaints involved "mistreatment during the promotion process and her sick leave restrictions, neither of which implicated disability discrimination," and so could not support a disability retaliation claim); *Miller v. Chi. Transit Auth.*, 20 F.4th 1148, 1155 (7th Cir. 2021) (EEOC complaint could not support a retaliation claim where it only alleged generally that the plaintiff believed he was targeted and treated unfairly, without providing a reason for the treatment or tying it to his race). The Court therefore dismisses his retaliation claim without prejudice.[4]

## II.    Harassment Claim (Count III)

The City also asks the Court to dismiss Battles' harassment claim, contending that he did not administratively exhaust this claim before the EEOC and, alternatively, that he has not alleged severe or pervasive harassment.[5] A plaintiff "may bring only those claims that were

---

[4] To the extent Battles made informal complaints about race discrimination or harassment, he may have a retaliation claim. *See Davis v. Time Warner Cable of S.E. Wis., L.P.*, 651 F.3d 664, 674 (7th Cir. 2011) ("[A]n informal complaint may constitute protected activity for purposes of retaliation claims." (quoting *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009))). But the parties only focus on Battles' October 20, 2023 grievance, and so the Court has done the same here. If Battles wishes to replead his retaliation claim, he should provide additional details about any informal complaints he made concerning race discrimination or harassment. *See E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 780 (7th Cir. 2007) ("[A] plaintiff . . . alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected.").

[5] In its reply, the City again raises a new argument, that Battles cannot rely on the receipt of less desirable shift assignments as examples of harassment given that the shift assignments constitute discrete

included in his EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)). This requirement provides the employer with notice of the nature of the claims against it and the EEOC and the employer with the opportunity to settle the dispute with the employee before the parties turn to litigation. *Id.* A new claim is "like or reasonably related" to the claim raised in the EEOC charge when (1) "there is a reasonable relationship between the allegations in the charge and the claims in the complaint" and (2) "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek v. W & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). "The relevant claim and the EEOC charge must, at a minimum, describe the same conduct and implicate the same individuals." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 831–32 (7th Cir. 2015).

In his EEOC charge, Battles stated that he complained about discrimination and that soon thereafter, the City changed his assignment and discharged him. He made no reference to harassment or included any allegations that would have suggested to the EEOC that it should investigate whether a racially hostile work environment existed. "[R]etaliation, [race] discrimination, and [racial] harassment charges are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). Therefore, any harassment claim falls outside the scope of Battles' EEOC charge, which referenced only a specific complaint about discrimination and subsequent adverse actions. *See Radek v. Target Corp.*, No. 16 C 4750, 2017 WL 6733717, at *3 (N.D. Ill. Dec. 19, 2017) (plaintiff failed to exhaust hostile

---

employment acts. The Court again does not consider this new argument raised in reply. *See Dexia*, 629 F.3d at 625.

work environment claim where her EEOC charge only referenced her termination and no other conduct). Because Battles failed to exhaust his harassment claim, the Court dismisses the claim without prejudice.[6]

## CONCLUSION

For the foregoing reasons, the Court grants the City's motion to dismiss [20]. The Court dismisses Battles' retaliation and harassment claims (Counts I and III) without prejudice.

Dated: March 16, 2026

           _____
SARA L. ELLIS
United States District Judge

---

[6] The Court dismisses Battles' harassment claim without prejudice, which allows him the opportunity to refile his claim if and when he exhausts his administrative remedies with respect to the claim. *Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009); *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989). Because it appears that the time to file an EEOC charge with respect to a harassment claim has passed, any attempt to refile these claims in federal court is likely subject to a statute of limitations defense, but the Court need not decide the issue at this time. *See Hillman v. Costco Wholesale Corp.*, No. 12 C 6012, 2014 WL 3500131, at *10 (N.D. Ill. July 14, 2014).